UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PESTICIDE ACTION NETWORK NORTH AMERICA,, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MARTHA WILLIAMS, et al.,<br><br>Defendants. | Case No. 24-cv-06324-JSC<br><br>**ORDER RE: MOTION TO INTERVENE**<br><br>Re: Dkt. No. 26 |

Pesticide Action Network North America, Center for Biological Diversity, and Center for Food Safety ("Plaintiffs") challenge a biological opinion issued by Director Martha Williams and U.S. Fish and Wildlife Service ("Federal Defendants") regarding malathion, a pesticide active ingredient. The biological opinion "assesse[d] the effects of the Environmental Protection Agency's ('EPA') registration of pesticide products containing the active ingredient Malathion . . . on endangered and threatened species and critical habitats protected by" the Endangered Species Act. (Dkt. No. 1 ¶ 1.)[1] Plaintiffs allege the opinion "is arbitrary, capricious, or otherwise not in accordance with the [Endangered Species Act]." (*Id.*)

On November 26, 2024, about ten weeks after Plaintiffs filed their complaint, CropLife America ("CropLife") filed the pending motion to intervene. CropLife "is a national not-for-profit trade association" that "represent[s] the common interests of major manufacturers, formulators, and distributors of crop protection pesticide and pest control products." (Dkt. No. 26-2 ¶ 2.) "CropLife member companies produce, sell, and distribute . . . active ingredients used in crop protection pesticides . . . , including malathion." (*Id.*) Seven CropLife members hold active

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

registrations for malathion products obtained from the EPA pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act. (*Id.* ¶ 8; *see also id.* ¶ 47 (noting the Act "charges EPA with registration, registration review, and ongoing oversight of chemicals for uses as pesticides").) CropLife seeks to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2), or alternatively, to permissively intervene pursuant to Rule 24(b)(2). (Dkt. No. 26 at 2.) Plaintiffs "do not oppose the motion" but ask the Court to order conditions on CropLife's participation in the interest of judicial economy and fairness. (Dkt. No. 34 at 2.) "Federal Defendants take no position on CropLife's motion." (Dkt. No. 36 at 2.) Having carefully considered the parties' briefing, the Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), vacates the January 9, 2025 hearing, and GRANTS CropLife's motion to intervene. The Court orders the parties to meet and confer regarding Plaintiffs' requested conditions on CropLife's participation in the litigation.

## DISCUSSION

### I. INTERVENTION OF RIGHT

Federal Rule of Civil Procedure 24 provides for intervention as of right and by permission. Under Rule 24(a)(2), a court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). "When analyzing a motion to intervene of right under Rule 24(a)(2)," the Court applies the following four-part test:

> (1) the motion must be timely;
> (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action;
> (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and
> (4) the applicant's interest must be inadequately represented by the parties to the action.

*Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011); *see also Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (noting an applicant must satisfy all four

1    requirements). In evaluating these requirements, courts "are guided primarily by practical and
2    equitable considerations" and "generally interpret the requirements broadly in favor of
3    intervention." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). "By allowing parties
4    with a practical interest in the outcome of a particular case to intervene, [the court] often
5    prevent[s] or simplif[ies] future litigation involving related issues; at the same time, [the court]
6    allow[s] an additional interested party to express its views before the court." *Forest Conservation*
7    *Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1496 n.8 (9th Cir. 1995) (emphasis and citation
8    omitted).

9    Here, all four factors favor intervention. First, CropLife's motion is timely as it was made
10   within three months of the filing of the complaint and before any substantive motions were filed.
11   *See Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995).

12   Second, CropLife's members have a significantly protectable interest—their malathion
13   registration—relating to the biological opinion Plaintiffs challenge in this case. *See Pesticide*
14   *Action Network N. Am. v. U.S. Env't Prot. Agency*, No. C 08-01814 MHP, 2008 WL 11404954, at
15   *3 (N.D. Cal. July 8, 2008) (describing pesticide registrations as "essentially government licenses
16   to produce, distribute and sell pesticides" and concluding registrant had substantial and direct
17   interest in case challenging the validity of EPA decisions implicating its registration).

18   Third, the disposition of the action may harm CropLife members' interests. As alleged in
19   the complaint, U.S. Fish and Wildlife Service ("FWS") "conclude[d] that not a single species will
20   be jeopardized as a result of registration of pesticide products containing Malathion." (Dkt. No. 1
21   ¶ 101.) Plaintiffs seek to vacate parts of this biological opinion, declare it "arbitrary, capricious,
22   or not in accordance with" the Endangered Species Act, and "remand the remainder of the
23   [opinion] for further analysis" on the ground its conclusions "are not rationally connected to the
24   facts." (*Id.* ¶¶ 11-12.) Were Plaintiffs to prevail, the replacement biological opinion may contain
25   additional restrictions that impair or impede CropLife's members' ability to protect their interest.

26   That Plaintiffs also seek to "vacate the incidental take statement" underscores the potential
27   harm to CropLife members' interests. (*Id.* ¶ 12.) While it is unlawful to "take" endangered
28   species or engage in other prohibited acts regarding species protected under the Endangered

Species Act, a "taking in compliance with an incidental take statement's terms and conditions is . . . exempt from the general take prohibition of [the Endangered Species Act]." *White v. United States Army Corps of Eng'rs*, 659 F. Supp. 3d 1045, 1049 (N.D. Cal. 2023) (citing 16 U.S.C. § 1536(b)(4)(iv), (o)(2)). So, the loss of protection afforded by the Incidental Take Statement Plaintiffs challenge could impair or impede the CropLife members' interests.

Fourth, CropLife has satisfied the "minimal" burden of demonstrating the representation of its interests is inadequate. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). While Federal Defendants represent the interests of the public at large, CropLife represents the interests of its members in the potential regulation of their product. *See Ctr. for Biological Diversity v. U.S. Fish & Wildlife*, No. C 11-05108 JSW, 2012 WL 13049186, at *2 (N.D. Cal. Mar. 22, 2012) (concluding CropLife's interests differed from the federal defendants' because "defendants stand in the place of the regulators and [CropLife] stands in the place of the regulated"); *Nat. Res. Def. Council, Inc. v. U.S.E.P.A.*, 99 F.R.D. 607, 610 (D.D.C. 1983) (whereas "EPA is defending policies and procedures. . . [,] [t]he intervenors' interests are more narrowly focused on proceedings relating to the particular pesticides they manufacture").

Because CropLife's members have a right to intervene, CropLife may intervene on behalf of its members. *See Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 821 (9th Cir. 2001). Accordingly, CropLife has established a right to intervene under Federal Rule of Civil Procedure 24(a).

## II.  CONDITIONS ON INTERVENTION

While they do not oppose CropLife's motion to intervene, Plaintiffs request the Court impose certain conditions on CropLife's participation. First, Plaintiffs request CropLife be ordered "to brief only the issues and arguments that do not duplicate those of Federal Defendants." (Dkt. No. 34 at 3.) In its motion, CropLife committed to "consult with the Defendants' counsel prior to filing any motions to prevent duplicative filings or briefing of the same issues." (Dkt. No. 26 at 23.) Likewise, in its reply, CropLife noted it "agreed to confer [with Federal Defendants] on future filings to minimize duplication of arguments to the extent practicable." (Dkt. No. 35 at 3.) As the parties are in agreement on this issue, the Court need not address it.

Plaintiffs also request (1) the Court require CropLife to file motions or any response to motions seven court days after the government's filing; and (2) "the combined page limits for Defendants and Defendant-Intervenors match those allocated to Plaintiffs." (Dkt. No. 34 at 4-5.) On these issues, both Federal Defendants and CropLife requested the parties meet and confer to attempt to reach agreement. (Dkt. No. 35 at 4; Dkt. No. 36 at 3.) In light of these expressions of and interest in cooperation, and because "Plaintiffs did not contact CropLife prior to filing" about the requested conditions, (Dkt. No. 35 at 2 n.1), the Court DENIES without prejudice Plaintiffs' request to impose conditions on CropLife's participation. The parties shall meet and confer about Plaintiffs' requests. The Court can address remaining disputes at a future case management conference.

## CONCLUSION

Based on the foregoing, CropLife's unopposed motion to intervene as a matter of right is GRANTED. CropLife's proposed answer, located at Docket No. 26-1, is deemed filed. A case management conference is scheduled for January 30, 2025 at 1:30 p.m. via zoom. (Dkt. No. 33.)

This Order disposes of Docket No. 26.

**IT IS SO ORDERED.**

Dated: January 3, 2025

JACQUELINE SCOTT CORLEY
United States District Judge