# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

|  |  |
|---|---|
| PESTICIDE ACTION NETWORK NORTH AMERICA; CENTER FOR BIOLOGICAL DIVERSITY; and CENTER FOR FOOD SAFETY,<br><br>      *Plaintiffs,*<br><br>      v.<br><br>PAUL SOUZA, Regional Director, Region 8, exercising the delegated authority of the Director of the Fish and Wildlife Service;[1] and UNITED STATES FISH AND WILDLIFE SERVICE,<br><br>      *Defendants,*<br><br>and<br><br>CROPLIFE AMERICA,<br><br>      *Intervenor-Defendant.* | Case No. 3:24-cv-06324-JSC<br><br>[PROPOSED] **STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY AND FILING UNDER SEAL** |

1. The following Protective Order shall govern the production, use, and submission of Protected Information in the course of the above-captioned action and preclude inappropriate use of such information for purposes other than this action. Protected Information shall be submitted to the Court only in accordance with this Protective Order.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Paul Souza, Regional Director, Region 8, exercising the delegated authority of the Director of the Fish and Wildlife Service, is automatically substituted for Martha Williams.

2.      "Protected Information" for purposes of this Protective Order means any material that may be covered by the restrictions in 7 U.S.C. § 136h(b) and (g), any information coming to any officer or employee of the United States "in the course of his employment or official duties or by reason of any examination or investigation made by, or return, report or record made to or filed with, such department or agency or officer or employee thereof, which information concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the identity, confidential statistical data, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or association" (18 U.S.C. § 1905) and as defined by 40 C.F.R. § 2.307 and confidential information as defined by 43 C.F.R. § 2.70. Each party shall exercise restraint and care in designating any materials or information as Protected Information.

3.      Information that is or becomes publicly available in a manner that does not violate this Protective Order, shall not constitute Protected Information, including (1) any material lawfully posted on regulations.gov or (2) produced in accordance with the Freedom of Information Act (FOIA), with the exception of information subject to 7 U.S.C. § 136h(g) and obtained under FOIA on the basis of executing an Affirmation of Non-Multinational Status. To the extent a party obtains information outside the context of this action by means other than through a violation of this Protective Order, a protective order in another case, a statute, or regulation, that party shall not be limited in its use of such information by this Protective Order.

4.  **Labeling of Protected Information**

a.  With respect to Protected Information that may be exchanged among the parties or submitted to the Court, a party may in the course of this action designate as Protected Information any document or portion of a document, material, or other information (electronic or otherwise), provided that the party designating the document, material, or other information as Protected Information believes in good faith that such document, material, or other information by itself or in combination with other documents, material, or other information satisfies the definition of Protected Information.

b.   All Protected Information, including any correspondence, documents, flash drives, or other material exchanged containing Protected Information, shall be marked "SUBJECT TO PROTECTIVE ORDER."

5.   **Distribution of Protected Information**

a.   Protected Information produced for purposes of this action shall be received and held in strict confidence and shall be used only for the purposes of this action, and shall not be used (except by the owner of such information) for any purpose outside of this action.

b.   Protected Information produced for purposes of this action shall be disclosed only to the following:

   i.   the Court;

   ii.   outside counsel for the parties to this action, including counsel's employees and support staff;

   iii.   in-house litigation counsel for Plaintiffs Pesticide Action Network North America, Center for Biological Diversity, and Center for Food Safety (collectively, "Plaintiffs") and Plaintiffs' employees assisting in this action;

   iv.   in-house litigation counsel for Defendant-Intervenor CropLife America ("CropLife"), CropLife's employees assisting in this action, CropLife's member companies that hold malathion registrations, and any employees of such companies assisting in this action;

   v.   employees of the United States, subject to the provisions and prohibitions of Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") § 10, 7 U.S.C. § 136h, 18 U.S.C. § 1905, 40 C.F.R § 2.307, and 43 C.F.R. § 2.70, and the other provisions of this Protective Order; and

   vi.   expert consultants retained by any party to assist in this action, including their employees and support staff, if any.

c.   Counsel and other individuals listed in Paragraphs 5(b)(ii)-5(b)(vi) have the obligation to reasonably limit and control the number of employees and support staff who have access to Protected Information produced for purposes of this action and to ensure that each such person is aware of and complies with the terms and conditions of this Protective Order.

d.   Any individual listed in Paragraphs 5(b)(ii)-5(b)(vi) who receives Protected Information from an opposing party in the course of the above-captioned action shall sign a certification (Attachment A hereto) indicating that he or she has received a copy of this Protective Order and agrees to be bound by its terms. For each company, firm, or organization, only one such certification is needed, provided that the individual certifying has the authorization to sign on behalf of all individuals who would be required to sign individually. Counsel of record for each party shall be responsible for obtaining all certifications required by this Protective Order in advance of any disclosure that may be permitted by this Protective Order, and shall be responsible for maintaining in safekeeping all original certifications.

e.   Nothing in this Protective Order shall limit the use by a party of its own Protected Information or prevent a party from disclosing its own Protected Information to any person, except that employees of the United States remain bound by any relevant statutory or regulatory restrictions regarding disclosure of information.

f.   No person may further disseminate any Protected Information produced for purposes of this action except as expressly authorized in this Protective Order.

6.   **The Administrative Record**

a.   Federal Defendants Martha Williams and the U.S. Fish and Wildlife Service (collectively, "Federal Defendants") shall produce any portion of their administrative record in electronic format, such as flash drive storage device(s) or through a password-protected sharepoint or box account (hereinafter, "flash drives"). The flash drives that include Protected Information shall include a designation of "SUBJECT TO PROTECTIVE ORDER." This designation does not mean that the entire contents of the

1    flash drive are subject to this Protective Order, but simply means that Federal Defendants

2    believe in good faith that the flash drive contains certain documents, material, or other

3    information that is subject to this Protective Order. Individual documents included in

4    each flash drive that Federal Defendants believe in good faith are likely to contain

5    Protected Information shall be identified in the index accordingly and, if printed out by

6    any party shall be marked as "SUBJECT TO PROTECTIVE ORDER."

7        b.    At this time, Federal Defendants are not aware of any materials or information in

8    the Administrative Record that are protected by FIFRA § 10, 7 U.S.C. § 136h.  If such

9    materials are later identified or added to the administrative record, this order may need to

10    be amended.

11        c.    Any party to the above-captioned case may seek to de-designate any information

12    designated as "SUBJECT TO PROTECTIVE ORDER."

13        d.    A party seeking to de-designate any information that has been designated as

14    "SUBJECT TO PROTECTIVE ORDER" shall first meet and confer with counsel for

15    Federal Defendants as to whether agreement can be reached. Upon receiving a request to

16    de-designate material designated as "SUBJECT TO PROTECTIVE ORDER," Federal

17    Defendants shall notify the submitter of the subject material, if any, of the request to de-

18    designate and identify the information or data subject to potential de-designation. Federal

19    Defendants will then review the material at issue and within ten days either affirm the

20    "SUBJECT TO PROTECTIVE ORDER" designation or notify the person or entity

21    asserting confidentiality, if any, and the parties of Federal Defendants' intention to de-

22    designate.

23        e.    If agreement is reached, any party may then file a stipulation with this Court

24    indicating that an agreement has been reached and stating which documents or portions

25    of documents shall be de-designated.

26        f.    If no agreement is reached and a party still wishes to de-designate the material,

27    that party must file with this Court a motion to de-designate the information according to

28    the procedures in Local Rule 79-5(f) and the timeframes set out in Local Rule 7-2.

g.   The information at issue shall be considered Protected Information until the disposition of the motion to de-designate.

7. **Procedures to Govern the Filing of Protected Information**

a.   Each party shall file a public version of any brief (including all memoranda of law in support of a motion, an opposition, or a reply) and shall redact any Protected Information and any material designated as "SUBJECT TO PROTECTIVE ORDER."

b.   Each party also shall file simultaneously, under seal, an unredacted version of any brief that has been publicly filed with redactions. The unredacted version shall be submitted on the Electronic Case Filing (ECF) system using the "Administrative Motion to File Under Seal" event on the civil motion docketing menu.  The filing party will attach this order to its motion in lieu of the required contents set forth in Local Rule 79-5 (c).

c.   Within 30 days after the close of the relevant briefing period, the parties shall file with the Court one joint motion to seal using the "Administrative Motion to File Under Seal" event.  That motion will include the required contents set forth in Local Rule 79-5 (c) for all materials and information the parties filed under seal in the course of briefing.

8. **Duration**

a.   Confidentiality under this Protective Order is to be maintained both during and after the termination of this action.

b.   Within 90 days after termination of this action, meaning the issuance of a consent decree, order of dismissal, or final judgment that is no longer subject to appeal, the parties shall, upon request, destroy or return to counsel for the producing party all Protected Information, including all copies thereof, provided that counsel of record for each party may maintain a copy of any briefs, excerpts of record, or other material filed with or presented to the court in this action.

c.   Absent extraordinary circumstances, a motion to de-designate or to seal will not be entertained if the motion is filed after final termination of this action.

9. **Oral Argument**

Except as otherwise ordered by the Court, the Court will not close oral argument to the public in any type of case, including this action, even when the case itself or the briefs or

excerpts of record have been filed under seal. A party who intends, during any hearing, to

reference the substance of underlying Protected Information or produce Protected Information

shall so advise the parties and the Court at least 14 days prior to the scheduled argument date so

that any appropriate steps may be taken before such presentation or reference is made and shall

arrange for the pages of any transcript containing such information to be marked "SUBJECT TO

PROTECTIVE ORDER." A party seeking a closed hearing shall move for such extraordinary

relief at least 14 days prior to the scheduled argument date and explain with specificity why such

relief is required and whether any less extraordinary alternative is available.

10. **Opinion**

To the extent that the Court refers in an order or opinion to information contained in

documents that have been designated as Protected Information and/or have been sealed, the

portions of that order or opinion containing a reference to Protected Information shall be filed

under seal for a period of fourteen days following receipt of the signed order or opinion by the

parties. Should any party wish to maintain any portion of an order or opinion under seal, that

party must file an administrative motion seeking leave to maintain designated portions of the

order or opinion under seal, pursuant to Local Rule 7-11.

Dated: January 23, 2025                              Respectfully submitted,

/s/ Stephanie Parent                                 LISA L. RUSSELL
Stephanie Parent                                     Deputy Assistant Attorney General
Center for Biological Diversity                      U.S. Department of Justice
P.O. Box 11374                                       Environment & Natural Resources Division
Portland, OR 97211-0374                              S. JAY GOVINDAN, Section Chief
(503) 320-3235                                       BRIDGET K. MCNEIL, Assistant Section
                                                     Chief
John William ("J.W.") Glass
Center for Biological Diversity                      /s/ Maggie Baker Smith
1411 K St. NW, Suite 1300                            MAGGIE BAKER SMITH, Trial Attorney
Washington, DC 20005                                 (WA Bar No. 42658)
(813) 833-5301                                       U.S. Department of Justice
JWGlass@biologicaldiversity.org                      Environment & Natural Resources Division
*Counsel for Plaintiffs*                             Wildlife & Marine Resources Section
                                                     7600 Sand Point Way, NE
                                                     Seattle, Washington 98155

Tel: 202-598-3088/ Fax: 202-305-0275
Email: maggie.smith@usdoj.gov

*Counsel for Defendants*

/s/ *Hume Ross*
WILEY REIN LLP
Mark Sweet (D.C. Bar No. 490987)*
msweet@wiley.law
Hume Ross (D.C. Bar No. 888241943)*
hross@wiley.law

2050 M Street NW
Washington, DC 20036
Tel:  (202) 719-7000
Fax:  (202) 719-7049

KAHN, SOARES & CONWAY LLP
Ann M. Grottveit (CA Bar No. 256349)
agrottveit@kscsacramento.com

1415 L Street, Suite 400
Sacramento, CA 95814
Tel: (916) 448-3826
Fax: (916) 448-3850

*Counsel for Intervenor*


**PURSUANT TO STIPULATION IT IS SO ORDERED**


Dated: January 24, 2025


Honorable Jacqueline Scott Corley
United States District Court Judge

**ATTACHMENT A**

**Certification**

I, _____, hereby certify under penalty of perjury that I have received a copy of and read the Protective Order Governing Confidentiality and Filing Under Seal relating to the confidentiality of information in *Pesticide Action Network North America, et al. v. Souza, et al.*, Case No. 3:24-cv-06324-JSC (N.D. Cal.), and I agree to, and will, keep information confidential in accordance with the terms of said Protective Order Governing Confidentiality and Filing Under Seal.

_____

Signature

_____

Affiliation or Employer