Stephanie Parent (OR Bar No. 925908)*
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211-0374
(503) 320-3235
sparent@biologicaldiversity.org

John William ("J.W.") Glass (DC Bar No. 1780210)*
Center for Biological Diversity
1411 K St. NW, Suite 1300
Washington, DC 20005
(813) 833-5301
JWGlass@biologicaldiversity.org

Additional Counsel in signature block

Counsel for Plaintiffs
*Admitted *pro hac vice*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| PESTICIDE ACTION NETWORK NORTH AMERICA, et al., | Case No. 3:24-cv-06324-JSC |
| Plaintiffs, | PLAINTIFFS' RESPONSE TO FEDERAL DEFENDANTS' MOTION FOR STAY IN LIGHT OF LAPSE OF APPROPRIATIONS |
| v. | |
| PAUL SOUZA, et al., | |
| Defendants, and | Honorable Jacqueline Scott Corley |
| CROPLIFE AMERICA, | |
| Intervenor-Defendant. | |

Plaintiffs oppose an indefinite stay of the remaining summary judgment briefing deadlines. Motion for Stay, ECF 76. After time to confer among Plaintiffs, Plaintiffs do not oppose an extension of time from the current deadline of October 24, 2025, that is either commensurate with the duration of the lapse in appropriations or 24 days following the date Congress has appropriated funds for the Department of Justice, whichever is shorter. In the event that Congress has not appropriated such funds by October 31, 2025, Plaintiffs request that the Court order Federal Defendants to file their reply in support of their cross-motion for summary judgment on or before November 24, 2025. Counsel for Plaintiffs attempted to confer with counsel for Federal Defendants but received an auto-response that she has been furloughed with a number only for urgent matters.

1. Stays should be limited to a reasonable time. *See Landis v. North American Co.*, 299 U.S. 248, 256 (1936) (stays must be "kept within the bounds of moderation"); *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1997) (stay only if other proceedings concluded "within a reasonable time).

2. Federal Defendants' reply in support of their cross-motion for summary judgment is currently due October 24, 2025, 24 days from the lapse in appropriations. Pretrial Order No. 1 at 1, ECF 54 (April 4, 2025).

3. Plaintiffs respectfully request that an extension be commensurate with the number of days of the shutdown, but no greater than a 24-day extension should the shutdown last 24 days or more. A maximum extension of 24 days is reasonable, given that 24 days remained until Federal Defendants' deadline at the time of shutdown.

4. No one can predict when the shutdown may end. Indefinite stays are disfavored. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) ("Generally, stays should not be indefinite in nature."). An indefinite stay is prejudicial where "there is even a fair possibility" that the stay may cause harm to the other party, the movant "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

5. Granting an indefinite stay causes harm by allowing the agencies "to continue engaging

in unlawful behavior with no concrete end date or abatement measures in place." *All. for the Wild Rockies v. Burman*, 477 F. Supp. 3d 1151, 1158-59 (D. Mont. 2020) (declining to stay case to allow agency to complete consultation even though project was not yet operational). Even more is at stake here because Plaintiffs argue that FWS is permitting incidental take of species based on the arbitrary and unlawful Malathion Biological Opinion and without minimizing such take. *See Pac. Coast Fed'n of Fishermen's Ass'ns v. United States Bureau of Reclamation,* 138 F. Supp. 2d 1228 (N.D. Cal. 2001) (agency must complete consultation, otherwise the consultation process is rendered meaningless and "completely at odds with the clear mandate of the ESA).

6. Thus, should Congress fail to appropriate funds for the Department of Justice by October 31, 2025, Plaintiffs respectfully request that the Court order Federal Defendants to file their reply in support of their cross-motion for summary judgment on or before November 24, 2025. Plaintiffs submit that this outside date is reasonable. The U.S. Department of Justice FY 2026 Contingency Plan (Sept. 29, 2025),[1] provides that the Government will comply with a court order to proceed and that the Environment and Natural Resources Division currently has 245 of 506 employees excepted from furlough, including 220 attorneys. DOJ Contingency Plan at 3 and 12.

7. If it is necessary to reschedule the hearing on motions for summary judgment, Plaintiffs respectfully request the earliest convenient date.

Respectfully submitted this 2nd day of October 2025,

/s/ *Stephanie M. Parent*
Stephanie M. Parent (OR Bar No. 925908)*
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211-0374
(503) 320-3235
sparent@biologicaldiversity.org

John William ("J.W.") Glass (DC Bar No. 1780210)*
Center for Biological Diversity

---

[1] Attached and available at https://www.justice.gov/jmd/media/1377216/dl

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STAY - 3:24-cv-06324-JSC            2

1411 K St. NW, Suite 1300
Washington, DC 20005
(813) 833-5301
JWGlass@biologicaldiversity.org

Jonathan Evans (CA Bar No. 247376)
Center for Biological Diversity
1212 Broadway Street, Suite 800
Oakland, CA 94612
(510) 844-7100 ext. 318
jevans@biologicaldiversity.org

George Andreas Kimbrell (OR Bar No. 171767)*
Center for Food Safety
2900 NE Alberta St., Suite 207
Portland, OR 97211
(971) 271-7372
gkimbrell@centerforfoodsafety.org

Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon counsel of record using the CM/ECF system on October 2, 2025.

<u>/s/ *Stephanie Parent*</u>

CERTIFICATE OF SERVICE - No. 3:24-cv-06324-JSC